IN THE CIRCUIT COURT, SEVENTEENTH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: 00-000064-CACE 04

SALLY RICHARDVILLE,

**00-6141**

Plaintiff,

v.

**CIV-FERGUSON**

UNITED UNION OF ROOFERS,
WATERPROOFERS AND
ALLIED WORKERS, LOCAL 103,

**MAGISTRATE JUDGE**
SNOW

Defendant.

---

### DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

TO:   Clerk of the Circuit Court in and for Broward County, Florida
Broward County Courthouse
201 Southeast 6th Street
Fort Lauderdale, Florida 33301-3303

COMES NOW that Defendant, UNITED UNION OF ROOFERS, WATERPROOFERS

AND ALLIED WORKERS, LOCAL 103, has exercised its right to remove the above-styled

cause from the Circuit Court in and for Broward County, Florida to the United States District

Court for the Southern District of Florida. A copy of the Notice of Removal is attached.

Respectfully submitted,

**SUGARMAN & SUSSKIND, P.A.**
Attorneys for Defendant
2801 Ponce de Leon Boulevard, Suite 750
Coral Gables, Florida 33134
Telephone:    (305) 529-2801
Facsimile:     (305) 447-8115

By _____
for    ROBERT A. SUGARMAN
Florida Bar No. 149388



## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that a true and correct copy of the foregoing was served via U.S.

Mail on this 27th day of January, 2000 to Plaintiff's counsel, Barry R. Lerner, Esq. at 225 East

Dania Beach Boulevard, Suite 202, Dania Beach, Florida 33004.

for    ROBERT A. SUGARMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SALLY RICHARDVILLE,

Plaintiff,                                   CIVIL ACTION NO. _____

v.

UNITED UNION OF ROOFERS,
WATERPROOFERS AND
ALLIED WORKERS, LOCAL 103,                   **NOTICE OF REMOVAL**

Defendant.

_____

  Defendant UNITED UNION OF ROOFERS, WATERPOOFERS AND ALLIED WORKERS, LOCAL 103 ("Defendant") hereby exercises its right of removal. In support of the Notice of Removal, Defendant states as follows:

1. On January 3, 2000, Plaintiff commenced a civil action against Defendant in the Circuit Court of the Seventeenth Judicial Circuit of Florida in and for Broward County, Florida by filing a Complaint for Damages Demand for Jury Trial (the "Complaint"). A copy of the Complaint is attached to the Notice of Removal as Exhibit A.

2. The action was styled, "Sally Richardville v. United Union of Roofers, Waterproofers and Allied Workers, Local 103" and assigned case number 00-000064-04.

3. Plaintiff served her Complaint on Defendant's undersigned counsel as Defendant's "resident agent," on January 10, 2000. See Summons attached to Complaint.

4. To the knowledge of Defendant's counsel, the Complaint is the only pleading that has been filed in this action.

5. In the Complaint, Plaintiff alleges that Defendant is a labor organization (Complaint, at ¶3) and that Defendant has violated its Constitution by not paying her the wages set forth in the Defendant union's Constitution. See Complaint, at ¶¶6-8, 11.

6.     Since an alleged violation of a union's constitution alleges a "violation of contracts between…labor organizations," a union constitution is a contract for purposes of Section 301(a) of the Labor Management Relations Act, as amended, 29 U.S.C. §185(a),[1] which grants federal court jurisdiction to "[s]uits for violation of contracts between…labor organizations…." Id.

7.     Accordingly, whether Defendant has violated its own constitution is a question over which this Court has jurisdiction pursuant to 29 U.S.C. §185(a). IUE Local 353B v. Statham 97 F.3d 1416, 1420-21 (11th Cir. 1996), see also Woodell v. IBEW Local 71, 502 U.S. 93, 101 (1991).

8.     This rule of law, granting federal courts jurisdiction over alleged violations of a union constitution, also applies to suits brought by union employees against the union as their employer. See Davis v. APWU, AFL-CIO, 582 F.Supp. 1574 (S.D. Fla. 1984).

9.     This Court has removal jurisdiction under 28 U.S.C. §1441(a).

10.     As required by 28 U.S.C. §1446(d), Defendant has provided written notice of the filing of the Notice of Removal to Plaintiff.

11.     As required by 28 U.S.C. §1446(d), Defendant has filed a copy of the Notice of Removal with the Clerk of the Circuit Court in and for Broward County, Florida.

WHEREFORE, Defendant respectfully requests that this action proceed in this Court as a properly removed action.

---

[1] United Ass'n of Journeymen and Apprentices of Plumbing and Pipefitting, AFL-CIO v. Local 334, 452 U.S. 615, 620 (1981).

2

Respectfully submitted,

**SUGARMAN & SUSSKIND, P.A.**
Attorneys for Defendant
2801 Ponce de Leon Boulevard, Suite 750
Coral Gables, Florida 33134
Telephone:   (305) 529-2801
Facsimile:    (305) 447-8115

By _____
ROBERT A. SUGARMAN
Florida Bar No. 149388


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that a true and correct copy of the foregoing was served via U.S. Mail on this 20th day of January, 2000 to Barry R. Lerner, Esq., Plaintiff's counsel, 225 East Dania Beach Boulevard, Suite 202, Dania Beach, Florida 33004 and to the Clerk of the Circuit Court In and For Broward County, Florida, 201 Southeast 6th Street, Fort Lauderdale, Florida 33301.

_____
ROBERT A. SUGARMAN

3

*P103: RICH*

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

SALLIE RICHARDVILLE,                          CASE NO.:

    Plaintiff,

vs.                                           00000064 **04**

UNITED UNION OF ROOFERS,
WATERPROOFERS AND ALLIED
WORKERS, LOCAL 103,

    Defendant.                    *Eduardo A Sanuell*
_____/    *Ecto*

## S U M M O N S                      *1/10/00   12 4 pm*
                                      *11th Judicial*
THE STATE OF FLORIDA:                 *Circuit Cert A-78*

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint in this action on:

                Robert A. Sugarman, Esquire
                2801 Ponce de Leon Blvd., Suite 750
                Coral Gables, Florida 33

in his capacity as resident agent for **UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, LOCAL 103**

    Defendant, **UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, LOCAL 103**, is required to serve written defenses to the complaint on BARNETT & LERNER, P.A., plaintiff's attorney, whose address is 225 East Dania Beach Boulevard, Suite 202, Dania Beach, Florida 33004, within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Circuit Court, Broward County Courthouse, 201 S.E. 6th Street, Fort Lauderdale, FL 33301-3303, either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint.

    DATED on _____**JAN 03 2000**_____, 1999  ROBERT E. LOCKWOOD

                            _____
                            As Clerk of the Court

# EXHIBIT A

                            VALERIE FORD
                            By_____
                            As Deputy Clerk
                            **A TRUE COPY**
                            Circuit Court Seal

**IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA**

**GENERAL JURISDICTION DIVISION**

CASE NO.:                    06000064

SALLIE RICHARDVILLE,

      Plaintiff,

vs.

UNITED UNION OF ROOFERS,
WATERPROOFERS AND ALLIED
WORKERS, LOCAL 103,

      Defendant.

_____/

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

Plaintiff, SALLIE RICHARDVILLE, sues the Defendant, UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, LOCAL 103, and alleges:

1.    This is an action seeking damages in excess of $15,000.

2.    The Plaintiff is a resident of Broward County, Florida and is *sui juris.*

3.    The Defendant, the United Union of Roofers, Waterproofers and Allied Workers, Local No. 103 (hereinafter "Roofers Local Union No. 103"), is a labor organization conducting business in Broward County.

4.    For many years the Plaintiff served as the Business Manager of Roofers Local Union No. 77.

5.    On or about January 1, 1999, Roofers Local Union No. 77 was merged into Local Union No. 103. (See Exhibit 1 attached to and incorporated as part of this Complaint).

6.    Pursuant to the Constitution and bylaws of Local Union No. 77, adopted February 12, 1973, Article 4, Section 12, provided that:

> The business manager's salary of Local 77 will consist of a 50 hour week at journeyman's scale, plus rental car, telephone credit card, and gasoline credit card.

(A copy of the Constitution is attached hereto as Exhibit 2 and incorporated as part of this Complaint).

7.    On July 26, 1988, the Plaintiff agreed to accept less than her full pay pursuant to the Constitution, "until the Union was on its feet." The Executive Board agreed that she would be entitled to the balance of her back pay.  (A copy of the minutes of July 26, 1988, is attached hereto as Exhibit 3 and incorporated as part of this Complaint).

8.    Pursuant to Article 12 of the Constitution, all members and officers may not resort to court until they have exhausted their administrative remedies.

9.    On July 21, 1999, the Plaintiff, through her counsel, requested relief regarding past due wages and benefits.  (A copy of correspondence dated July 21, 1999, is attached as Exhibit 4 and incorporated as part of this Complaint).

10.    To date, neither the International nor Local 103 attempted to contact the Plaintiff or her representative regarding her claim for back wages and benefits.

11.    The Plaintiff requests an accounting of the wages and benefits paid on her behalf while she occupied the Constitutional office of business manager on behalf of Roofers Local Union 77.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, including past compensation, past pension contributions, interest and attorneys' fees provided pursuant to F.S. §448.08 and costs as well as trial by jury.

Dated:  December 21, 1999

Barnett & Lerner, P.A.
Attorneys for Plaintiff
225 E. Dania Beach Blvd., Suite 202
Dania Beach, FL  33004
Telephone:  (954) 920-7400

By: _____
       BARRY R. LERNER, ESQ.
       Florida Bar No.:  396370



*United Union of Roofers,*
*Waterproofers and Allied Workers*

AFFILIATED WITH AFL-CIO AND BUILDING AND CONSTRUCTION TRADES DEPARTMENT

1660 L STREET, N.W., SUITE 800 WASHINGTON, D.C. 20036-5603—202-463-ROOF (7663)    FAX #—202-463-6906

OFFICE OF THE INTERNATIONAL PRESIDENT EARL J. KRUSE

January 22, 1999

TO:    MEMBERS OF LOCAL UNION NO. 77 - FT. LAUDERDALE, FL

Dear Sirs and Brothers:

Effective January 1, 1999 Local Union No. 77 - Ft. Lauderdale, Florida was merged into Local Union No. 103 - Southern, Florida. This action was unanimously approved by the International Executive Board. Your membership will be transferred automatically to Local Union No. 103 as of January 1, 1999. Your dues payments and all other correspondence should be mailed to:

> Roofers Local Union No. 103
> 580 Irene St.
> Orlando, FL  32805
> (407) 521-4420

Pat Harrington is your representative and can be contacted at the above number.

Fraternally yours,

Earl J. Kruse
International President

EJK/dd

cc:    Thomas Pedrick - International Vice President
       Pat Harrington - Organizer

CONSTITUTION

OF BY-LAWS

ARTICLE I

Name and Objects

Section 1. This organization shall be known as the United State, Tile and Composition Roofers, Damp and Waterproof Workers Association, Roofers, Kettlemen and Helpers Local Union No. 77.

Section 2. The objects of this Union shall be:

(a) To unite into one labor organization all workers eligible for membership, regardless of religion, race, creed, color, national origin, age or sex:

(b) To engage in organizing unorganized employees and to provide services to those who are organized:

(c) To secure improved wages, hours, working conditions and other economic advantages through organization, negotiations and collective bargaining, through advancement of our standing in the community and in the labor movement through legal and economic means, and other lawful methods:

(d) To provide educational advancement and training for employees, members, and officers:

(e) To safeguard, advance and promote the principle of free collective bargaining, the rights of workers, farmers and consumers and the security and welfare of all the people by political, educational and other community activity:

(f) To engage in cultural, civic, legislative, political, fraternal, educational, charitable, welfare, social, and other activities which further the interests of this organization and its membership, directly or indirectly:

(g) To provide assistance, fincanical, moral or other, to other labor organizations or other bodies having purposes and objectives in whole or in part similar or related to those of this organization;

(h) To engage in community activities which will advance the interests of this organization and its members in the community and in the nation, directly or indirectly:

(i) To protect and preserve the Union as an institution and to perform its legal and contractual obligations:

(j) To carry out the objectives of the International Union as an affiliate therof and our duties as such an affiliate:

(k) To receive, manage, invest, expend or otherwise use the funds and property of this organization to carry out the duties and to achieve the objectives set forth herein and the International Constitution and for such additional purposes and objectives not inconsistent therewith as will further the interest of this organization and its members, directly or indirectly.

## ARTICLE II

### Jurisdiction

Section 1.  The territorial jurisdiction of this Union shall include such territory as may be granted to this Union by the United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Association, hereinafter referred to as the International Union.  Ther territorial jurisdiction of this Union shall be Broward, Monroe and Charlotte County, Florida.

Section 2.  This Union shall be composed of skilled Kettlemen and Helpers who shall agree to be bound by the Constitution and By-Laws of this Union and of the International Union and to comply with the requirements therein set forth.


## ARTICLE III

### Qualification for Membership

Section 1.  Any person of good moral character, employed in the craft over which this Union has jurisdiction, shall be eligible to membership, subject however, to the following provisions:

(a)  He shall be a citizen of the United States of America, or Canada, or he shall have declared his intention to become a citizen, and has not thereafter, while a member, permitted such declaration to lapse.

(b)  He shall not be a member of, or in any manner affiliated with, any subversive organization, nor shall be become, while a member of this Union a member of, or in any manner affiliate with, any such subversive organization.

(c)  He shall not be an employer or independent contractor. Any member becoming an employer or independent contractor shall forfeit his membership to this Union.  He shall apply for and be given his withdrawal upon payment of the fee therefor as may be hereinafter fixed.  However, his failure to apply for such withdrawal card, if he becomes an employer or an independent contractor shall not in any manner be construed to continue him as a member.

(d)  He shall have agreed to comply with and be bound by the terms and provisions of this Constitution and the By-Laws promulgated hereunder and of the Constitution and By-Laws of the International Union.

Section 2.  Any eligible person desiring to become a member of this Union must fill out and execute the application blank, which shall also be countersigned by a member in good standing.

## ARTICLE IV

## Officers and Their Duties

Section 1.  The officers of this Union shall consist of a President, Vice President, Recording Secretary, Business Manager and Financial Secretary, and Sergeant at Arms.

There shall be five (5) members of the Executive Board.

Section 2.  The President shall:
    (a)  Preside at all meetings of the Union and preserve order;
    (b)  Decide all points of law and order subject to an appeal from the chair to the meeting;
    (c)  Have the deciding vote in case of a tie, except in the election of officers and delegates;
    (d)  See that the Constitution, By-Laws and Rules are strictly complied with;
    (e)  Appoint all committees, not otherwise provided for;
    (f)  Have the power, if he deems it necessary, at any time, to appoint a floor committee of three or more whose duty it shall be to preserve order and to allow no intoxicated or disorderly person in the hall;
    (g)  Call a special meeting when properly requested;

Section 3.  The Vice-President shall assist the President in the discharge of his official duties.  He shall preside in lieu of the President, when the President is absent or when he vacates the Chair for the prupose of speaking upon a question.  In case of the death, resignation or removal from office of the President, the Vice President shall performe the duties of the President until an election is held to fill the vacancy in that office.

Section 4.  It shall be the duty of the Recording Secretary to keep accurate minutes of all proceeding of the Union and to notify all members of any special meeting of the Union.

Section 5.  It shall be the duty of the Financial Secretary to keep correct accounts between the Union and its members, receive all money due the Union, giving his receipt therefor.  He shall during each meeting announce the names of members from the rolls since the last meeting.  He shall announce during each meeting the receipts and expenditures since the last meeting, which shall be noted in the minutes of the meeting.  He shall pay all orders drawn on him.  He shall deliver to the designated auditor a correct account of all monies, together with all books, records, accounts, bank statements, receipts, etc., belonging to his office at the end of each quarter for auditing. He shall keep all monies and papers in properly designated depositories.  He shall maintain such records as are provided for by Article VI of the By-Laws of the International Union and shall keep such records for the period of time required by law and shall be bonded in the manner and form required by law.

Article IV, continued –

Section 6.   The auditor designated by the Union, shall report its findings and audits at the end of each quarter in the next meeting following the end of each quarter.

Section 7.   All officers shall deliver all of their books, records and other property of the Union in their possession to their respective successors in office upon the close of their respective terms of office.

Section 9.   The Sergeant at Arms shall position himself at the door prior to a meeting and have all members sign the attendance register.   Ther Sergeant at Arms shall also act as a messenger for the President and the Union and shall assist in the initiation of new members.

Section 10.   There shall be an Executive Board of five (5) members, elected in the manner and form provided for, in Article V. The Executive Board shall have such duties as are herein provided for or as may from time to time, be given to it by the membership.

Section 11.   The Business Manager shall make certain that all rules and regulations of the Union are complied with.   He shall carry our the instructions of the Union.   It shall be his duty to promote the best interests of the Union, to oversee all work coming under the jurisdiction of the Union, to see that the Constitution and By-Laws are lived up to by all members, and to make certain that all contractual obligations between Employers and Employees and the Union are complied with.   He shall be a delegate to the Local Building and Construction Trades Council.

Section 12.   The Business Manager's salary of Local 77 will consist of a 50 hour week at Journeyman scale plus rental car, telephone credit card, and gasoline credit card.

The Recording Secretary shall receive $10.00 per scheduled meeting each month and $10.00 for each special meeting called during the year when minutes are taken.   Receipts for necessary supplies for the Recording Secretary shall be reimbursed by Local 77.


## ARTICLE V

### Nominations and Elections

Section 1.   (a)   No member shall be eligible to hold office unless he has been a member in continuous good standing for at least one (1) year prior to nomination.
(b)   No member shall be eligible to nomination for office who is not present at the time of nomination, unless absent on official business;
(c)   No member who is, or has been a member of the Communist Party shall be eligible to hold office.

Article V, continued –

(d)   No member who has been convicted of, or served any part of a prison term resulting from his conviction of robbery, bribery, extortion, embezzlement, grand larceny, burglary, arson, violation of narcotics laws, murder, rape, assault with intent to kill, assault which inflicts grievous bodily injury, or a violation of Title II or Title III of the Labor-Management Reporting and Disclosure Act of 1959, or conspiracy to commit any such crime shall be eligible to hold office during or for five years after such conviction or after the end of such imprisonment, unless prior to the end of such five year period his citizenship rights are fully restored or the Board of Parole of the U.S. Department of Justice determines that such member's service as an officer would not be contrary to the purposes of the Labor Management Reporting and Disclosure Act of 1959.

(e)   No member shall be eligible to hold office if said member shall have at any time in the past, been tried by either the Union or International and found guilty of misappropriation, embezzlement or theft of funds belonging to either the Union or International Union.

Section 2.   Nominations for officers and delegates to affiliated organizations shall be made at the last meeting in ~~any~~ of the DEC election year.

Section 3.   Officers shall be elected be secret ballot every three (3) years.   The officers shall hold office until their successors are duly elected and installed.

Section 4.   Delegates shall be elected by secret ballot at the same time as officers are elected except that an election of delegates may be held more often, if necessary.

Section 5.   At least twenty (20) days prior to the date of nominations, specific notice of the date, time and place of the nomination meeting and the offices involved (including delegates to be elected) shall be given in such manner as shall be reasonably calculated to reach the members in time to give them an opportunity to make nominations of candidates.

Section 6.   Every member who has been a member in continuous good standing for not less than one (1) month prior to election shall have the right to nominate, vote for, or otherwise support the candidate of his choice.   No member whose dues have been withheld by his employer for payment to the Union pursuant to his voluntary authorization provided for in a collective bargaining agreement shall be declared ineligible to nominate, vote for, or be a candidate for office in the Union by reason of an alleged delay or default in the payment of dues by his employer to the Union.

Section 7.   Nominations and the conduct of the election and related questions shall be the first order of business at the nomination meeting and minutes shall be kept of said meeting.

Article V, continued –

Section 9. Nominations shall not be closed until a call for further nominations has been made three (3) times by the Chair, without further nominations being made. Every member eligible to nominate candidates shall be entitled to nominate one candidate, but only one, for each office open.

Section 10. Immediately after the close of nominations, the President shall appoint an Election Board, consisting of one judge to supervise the election and such tellers and clerks as may be necessary. All members of the Election Board must have been in continuous good standing for a period of at least one (1) year prior to their appointment. A candidate for any office shall not be eligible to appointment to the Election Board.

Section 11. The Election Board shall have complete charge of the election, subject to the following rules:

(a) Elections shall be held on the next regular meeting following nominations.

(b) After the nominations, but not less than twenty (20) days prior to the election, specific notice of the date, time and place of the election shall be mailed to each member at his last known home address by the Financial Secretary.

(c) The place or places where the balloting is to take place shall be designated by the membership at the nomination meeting, and the polls shall remain open from 8:00 P.M. until finished.

(d) Voting shall be conducted be secret ballot. The Election Board shall provides the number of ballot boxes or voting machines and booths deemed necessary for the election. There shall be no proxy vote, no absentee ballot and no write-in of candidates, nor will any nominations be permitted on the day of the election. Ecah member in good standing shall be entitled to one vote for each office.

(e) The Recording Secretary shall arrange the ballot, listing candidates as nominated. He shall show proper names of all eligible candidates for each office and shall have the ballots printed for use at the election. He shall also be present at the election and shall have with him an alphabetical list of all members of the Union eligible to vote.

(f) Each candidate shall have the right to have an observer who shall be a member of the Union at the polls and at the counting of the ballots. Candidates and their observers may challenge the eligibility of voters, and all challenged ballots shall be set aside pending determination as to their validity. All challenges shall be investigated to determine their validity as promptly as possibler if the challenged ballots are sufficient in number to affect the result of the election.

(g) Protests concerning the rulings on the eligibility of voters and the conducts and validity of the election shall be filed in writing within forty-eight (48) hours with the President of the International Union, who, or his designee, shall decide such protests within ten (10) days. Decisions of the International President as to which officers shall conduct the affairs of the

Article V, continued -

(i)  The Election Board shall maintain such procedures as are necessary to determine the identification of the member voting and his eligibility to vote.

(j)  Where there is more than one candidate for an office, the candidate receiving 50% plus one (1) shall be declared elected.  In case of a tie there will be a run off.

(k)  All nominations and election records, including the minutes of the nominations and the ballots cast, shall be preserved by the Business Manager for a period of at least one (1) year.

Section 12.  In connections with the nominations and elections, the Business Manager:

(a)  shall at the time of any nomination review the eligibility to hold office of any member at his request and shall make a report on the elibibility of that candidate at such meeting or within five (5) days thereafter to any interested member;

(b)  shall, upon reasonable request of any bona fide candidate for office, arrange for the distribution of any campaign literature by mail, or otherwise, to all members in good standing, provided, that in making such request, such candidate pays the estimated cost involved, in advance and the full cost within thirty (30) days after the election;

(c)  may require that all campaign literature be presented to him at the office of the Union not later than 30 days prior to the date of the election and may, where in his judgement it appears necessary, provide for a consolidation of such distribution, in which case the cost of such distribution, shall be assessed upon the candidates involved on a pro rata basis;

(d)  shall, to the extent required by law, make available for inspection by any bona fide candidate the membership list of the Union covered by Union security agreements, once within thrity (30) days prior to the date of election.  Such inspection shall be arranged by the candidate with the Business Manager in advance.

No candidate shall be permitted to copy any names or addresses of members shown on such list and such inspection must be made in the presence of the Business Manager or his designee; and

(e)  shall retain copies of all requests for distribution for campaign literature and copies thereof, shall make record of the date the literature was distributed, the cost thereof, and the amount received for such work and for postage, a copy of the notices of nomination and of election, a copy of the ballot, the official tally sheets and all other records relating to the election.

7

Article V, continued  -

(f)  Any members of the Election Board violating any of the laws relating to an election shall be tried by the Executive Board upon charges properly made, and if found guilty, shall be subject to the penalties imposed upon him by the Executive Board;

(g)  Any member wilfully committing or attempting to commit fraud or in any way corrupting or obstructing an election of officers of this Union chall be cited on charges to appear before the Executive Board and upon conviction, shall be subject to penalty;

(h)  The installation of officers shall take place at the first regular meeting following the election of officers; provided however, that during that interim, the newly elected officers shall be eligible to attend such functions and meetings to which the then officers are obligated to attend.


## ARTICLE VI

### Delegates

Section 1.  The Union shall affiliate with and shall elect delegates to Trades Council, and to the Convention of the International Union.

Section 2.  In electing delegates to the above organizations, the Union by a majority vote of the membership present at a meeting called for that purpose may reduce the number of delegates to be chosen.


## ARTICLE VII

### Vacancies in Office

Section 1.  Any officer who absents himself for three (3) consecutive meetings without a satisfactory excuse shall be removed from office, as shall any officer found guilty of conduct unbecoming an officer and member of the Union.

Section 2.  In the event a vacancy shall occur in an elective office, such vacancy shall be filled by special election. The President at a regular meeting shall announce such vacancy, and thereafter, the procedures relating to nominations and election of officers in accordance with Article V shall apply, except for the date, time and place of election which shall be determined by the President.

## ARTICLE VIII

### Dues, Assessments, Fines, and
### Other Obligations of Members

Section 1.  An applicant for membership shall pay not less than a forty (40) hour work week initiation fee.  He shall pay the sum of $ _SO.oo_  together with the filing of the application, and the balance within six (6) months therefrom, or forfeit all money therein, unless said applicant has a good and sufficient cause for delay.  The application for membership shall be submitted forthwith to the International Secretary-Treasurer, as provided for in Article V of the By-Laws of the International Union.

Section 2.  Membership dues shall be not less than $6.00 per month, payable on the first day of the month.  All dues shall date and become due from month of enrollment in the International Union.  No extension of time may be granted to any delinquent member.  A member in arrears three months on the payment of his dues shall stand removed from the rolls forthwith.  A member removed from the rolls must take the necessary steps to again be entered on the rolls, as provided for in the International Constitution, within three months from the date of removal from the rolls, or he shall forfeit all rights to have his request for re-enrollment considered.  He must pay all dues, re-enrollment fees, and any other obligations which may have accrued up to the date of his request for re-enrollment.  A member who has been removed from the membership rolls and who within three months does not avail himself of rights to be re-enrolled and thereafter desires to become a member shall be re-initiated again as a new member.

Section 3.  Notwithstanding anything contained in Section 2 of this Article, a member in good standing is one sho has paid his dues on or before the day on which said dues were to be paid, without regard to the "grace period".  Good standing for any particular period of time means that the member has paid his dues for each month in that period of time on or before the day each month's dues became payable.  A suspended member, a member who has not paid a fine or penalty, or an expelled member is not in good standing, even though such member's dues were paid on or before the day such dues were payable.  The definition of good standing of a member in Article IV of the International By-Laws, which entitles a beneficiary's rights to a death gratuity does not apply to member's status in this Union.

9

Article VIII, continued  -

Section 4.   (a)  Reasonable notice shall be given by the
Secretary-Treasurer to membership at least fifteen (15) days
prior to the meeting at which the membership will consider the
question of whether of not dues or initiation fees shall be
increased or a general of special assessment levied.  The
notice shall indicate that an increase or assessment is to be
voted on.  Such meeting may be general or special.
        (b)  At the regular or special meeting called as provided
in this Section voting shall be by secret ballot of the members
in good standing.
        (c)  A majority vote be secret ballot of the members in
good standing voting at such meeting shall decide the issue.

Section 5.  All monies from whatever source collected shall be
deposited in a bank account in the name of the Union, subject to
withdrawal upon the signature of the Business Manager in his
official capacity.  All bills shall be paid by check.  The
Business Manager is authorized to pay such items as are fixed
or determined by the International Constitution and By-Laws
as well as such items as are fixed by this Constitution and
By-Laws.  In addition, he shall pay such items as rent, telephone,
lights, stamps and miscellaneous office supplies and expenses
as have been directed to be paid by action of the membership;
provided, however, that sucy expenditures shall be reported
upon by the Business Manager at the next following meeting.

Section 6.  Membership in this Union shall not vest any member
with any right, title, or interest in or to the property or to
the assets of this Union, whether now owned or possessed or whether
hereafter acquired, and each member hereby expressly waives any
right, title or interest in or to the funds, property, or to the
assets of this Union.

●

## ARTICLE IX

### Charges, Trials, and Appeals

Section 1.  Every member of the Union shall have the right to meet
and assemble freely with other members, to express any views,
arguments or opinions and to express at meetings his views upon
candidates in an election or upon any business properly before
the meeting.  Every member shall have equal rights and privileges
to nominate candidates, to vote in elections, to attend membership
meetings, and to participate in the deliberations and voting upon
the business properly before the meeting.  Nevertheless, the
rights of each member are subject to the rules and regulations
herein adopted and nothing herein contained shall be construed
to impair the right of this Union to adopt and enforce reasonable
rules as to the responsibility of each member toward the Union,
and each member is obligated to refrain from conduct that would

Article IX, continued  —

legal or contractual obligations of the Union.

Section 2. Whatever charges are preferred against any member, or officer, the charges shall be filed in triplicate with the Recording Secretary, who shall file one copy with the International Secretary-Treasurer, retain one copy for use by the Executive Board and serve, either in person, or by registered, or certified mail, one copy of the charges specifying the matter of the offense upon the accused.

Section 3. The accused shall be required to stand trial at the time and place designated by the Executive Board, which shall not be less than ten (10) days from the date the charges are served upon the accused. Notice of the time and place of trial shall be given by the Recording Secretary in the same manner as provided in the preceding Section. The accused may appear in person and with witnesses to answer the charges. He may select a member of the Union to represent him. No interested member shall sit on the trial board.

Section 4. If the charges, or any portion therof are sustained, then the Executive Board shall render judgement, imposing disciplinary action as herein provided. If the charges are not sustained, they shall be dismissed and the accused restored to full rights of membership or office in this Union, as herein provided. The decision of the trial board shall be subjected to approval of the Union at its next regular meeting. The disciplinary action may consist of reprimands, fines, suspension or expulsion.

Section 5. In the event desciplinary action is taken against the accuses he may make an appeal from the decision to the International Executive Board, and thereafter to the Convention in the manner and form specified and set forth in the International Constitution and By-Laws.

Section 6. The basis for charges against members and officers shall, among other things, consist of the following:
   (a) Violation of any specific provision of this Constitution and By-Laws promulgated thereunder;
   (b) Violation of the oath of loyalty to the Union and the International Union;
   (c) Violation of the oath of office;
   (d) Gross disloyalty or conduce unbecoming a member;
   (e) If an officer, gross inefficiency which hinders or impairs the interest of the Union or of the International Union;
   (f) Misappropriation;
   (g) Secession or fostering secession;
   (h) The wrongful taking or retention of any books, or any other property belonging to the Union, the International Union, or district councils;

Article IX, continued   -

(i)  Abuse of fellow members and officers by written or oral communication;

(j)  Abuse of fellow members or officers in the meeting hall;

(k)  Activities which tend to bring the Union of the International Union into disrepute;

(l)  The mutilation, erasure, destruction or injury to any books, bills, receipts, vouchers or other property of the Union, the International Union or district councils, except in the manner which may be provided for in this Constitution or By-Laws promulgated hereunder;

(m)  If any member knowingly works or remains in the employment of an employer whose men are on strike or locked out, unless he has the permission of the Union of the International Union;

(n)  If any member knowingly gives or attempts to give, directly or indirectly, any information to any employer whose employees are on strike or lock out or whose employees are trying to secure an agreement or improvement in their working conditions, for the purpose of assisting such employers or for any gain or promise of gain.


## ARTICLE X

### Dissolution

Section 1.  This Union may not be dissolved while there are any dissenting members.  The withdrawal or secession of any members individually or jointly shall in no way affect the right or title of the Union to the property of money of the Union or of the International Union.


## ARTICLE XI

### Exhaustion of Remedies

Section 1.  No members or officers of this Union shall resort to any court or agency outside this Union or the International Union unless and until he has exercised all his rights as a member and all forms of relief and avenues of appeal as provided by the International Constitution or these By-Laws have been exhausted by him, unless otherwise provided by statute.

## ARTICLE XII

### Bonding

Section 1.  The Business Manager or employee of this Union or of a trust in which this Union is interested, who handles funds or other property thereof shall be bonded for the faithful discharge of his duties; the bond, which shall be fixed at the beginning of each fiscal year of this Union, shall be in an amount not less than ten (10) percentum of the funds handled by him and his predecessor or predecessors, if any, during the preceding fiscal year, but in no case should the bond be more than five hundred thousand dollars ($500,000.00).  Such bonds shall be individual or schedule in form, and shall have a corporate surety company as surety theron and shall otherwise conform to statute. Any person who is not covered by such bonds shall not be permitted to receive, handle, disburse, or otherwise exercise custody or control of the funds or other property of this Union or of a trust in which this Union is interested; no such bonds shall be placed through an agent or broker or with a surety company in which this Union or any officer is interested.

## ARTICLE XIII

### Transfers and Withdrawals

Section 1.  Transfers and withdrawals shall be governed by the provisions of the International Constitution and By-Laws.

## ARTICLE XIV

### Amendments

Section 1.  This Constitution may be amended by a two-thirds (2/3) majority vote of a regular meeting.  When such amendment is proposed, the amendment shall be writtne out in its proposed form and signed by five (5) members in good standing, stating the particular article and section to be amended.  Said proposed amendment shall be read at two different regular meetings previous to being voted upon, and no article shall be changed more than once per annum.

Section 2.  This Constitution shall become effective February 12, 1973.

Roofers Union Local No. 77
Executive Board Meeting
July 26, 1988

The meeting was called to order by Vice President Bill Gordon.

A discussion was held on the finances. Business Manager Sallie Richardville agreed to take partial pay until the Union was on its feet. When that happens she could get the balance in her back pay.

A discussion was held on the Building. The lawn mower building will be rented out August 1, 1988. The roof is leaking in several places. The Contractors have been contacted for donated materials and the labor will be volunteers from the membership. If we find we need to buy any materials we will take out a bank loan.

A discussion was held on volunteering to do the roof at the Starting Place. Richard Powanda will check out and measure the roof.

The financial material from the American Express was discussed. At a later time we might have them talk with out Union.

Several members will be at the August 17th meeting of the Catholic Committee.

An effort will be made to get our members registered to vote.

A discussion was held on signing a new Contractor to do Asbestos roof removal.

The Labor Day parade will have something from the Roofers in it.

Meeting adjourned.

Respectfully submitted,

Richard Powanda
Recording Secretary

# BARNETT & LERNER, P.A.
### ATTORNEYS-AT-LAW

225 E. DANIA BEACH BOULEVARD
SUITE 202
DANIA BEACH, FLORIDA 33004

DAVID C. BARNETT
BARRY R. LERNER*
*Certified Circuit Court Mediator

(954) 920-7400
DADE: (305) 377-1766
FAX: (954) 920-9492

July 21, 1999

Earl J. Kruse, International President
United Union of Roofers, Waterproofers & Allied Workers
1660 L Street, NW, Suite 800
Washington, DC 20036

Re:   **Ms. Sallie Richardville**
      **Our File:      867-99**

Dear Mr. Kruse:

Please be advised that the undersigned represents Sallie Richardville.

Please consider this letter a claim for past due wages and benefits.  Pursuant to letters Ms. Richardville received regarding the merger of Local Union 77 into Local Union 103, I attempted to determine from the State of Florida, Department of Corporations, the resident agent for the entity.  Unfortunately, a search did not turn up any registered organization using any variable of the United Union of Roofers — Roofers Local 103 — or anything similar.  In fact, the only roofers union that is presently considered to be a viable labor organization (by filing appropriate corporate status reports) with the State of Florida, Department of Corporations, is Local Union 77 and those documents were filed by Ms. Richardville.  In fact, a further search of the State of Florida, Department of Corporations database, did not reveal a Pat Harrington listed as any agent or officer of a labor organization in the State of Florida.

I would appreciate the International's input as to who is legally designated as the resident agent of the organization to accept service of process and further, why there is no listing for the Roofers Local Union 103 with the Department of Corporations as a labor organization.

Very truly yours,

BARRY R. LERNER

BRL:jd
cc:    Sallie Richardville