UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SALLY RICHARDVILLE,

Plaintiff,

v.

UNITED UNION OF ROOFERS,
WATERPROOFERS AND
ALLIED WORKERS, LOCAL 103,

Defendant.

CIVIL ACTION NO. 00-6141 CIV-FERGUSON

MAGISTRATE JUDGE SNOW

MOTION TO QUASH SERVICE
OF PROCESS AND
MEMORANDUM OF LAW

Defendant UNITED UNION OF ROOFERS, WATERPOOFERS AND ALLIED WORKERS, LOCAL 103 ("Defendant"), pursuant to Fed. R. Civ. Pro. 12(b)(5), files this Motion to Quash Service of Process on grounds that the Summons and Complaint were improperly served by Plaintiff SALLY RICHARDVILLE ("Plaintiff"). In support of its Motion to Quash (the "Motion"), Defendant states as follows:

I.   RELEVANT FACTS

Defendant is a labor organization as that term is defined in §447.02 of the Florida Statutes, as alleged by Plaintiff in ¶3 of Plaintiff's Complaint. On January 3, 2000, the Clerk of the Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida issued a Summons for service on Defendant's undersigned counsel as Defendant's "resident agent." See Summons, attached to Notice of Removal as Exhibit A. Pursuant to the Summons, the Complaint was served on January 10, 2000 on Defendant's counsel. See Affidavit, attached to the Motion as Exhibit A. Defendant filed a Notice of Removal after service of the Complaint.

II.   MEMORANDUM OF LAW

When "determining the validity of service prior to removal, a federal court must apply the law of the state under which the service was made." 4 Wright & Miller, Federal Practice and



Procedure: Civ. 2d §1082 (1990), see also Freight Terminals, Inc. v. Ryder System, Inc., 461 F.2d 1046, 1052 (5th Cir. 1972). Florida law prescribes the method for serving labor organizations:

> *Process against labor organizations shall be served on the president or other officer, business agent, manager or person in charge of the business of such labor organization.*

§48.141, Fla. Stat. (1999) (emphasis added). When service on a labor organization fails to comply with §48.141, a court lacks jurisdiction over that labor organization. See Local No. 666, L.I.U. v. Dennis, 453 So.2d 1138 (Fla. 4th DCA 1984).

As shown by the attached affidavit, Defendant's undersigned counsel is neither an officer, business agent, nor manager of Defendant. See Exhibit A. Accordingly, the service of process is defective, as Plaintiff has not complied with the requirements set forth in §48.141.

BASED ON THE FOREGOING, Defendant respectfully requests that the Court quash the service made as to Defendant in this action.

Respectfully submitted,

SUGARMAN & SUSSKIND, P.A.
Attorneys for Defendant
2801 Ponce de Leon Boulevard, Suite 750
Coral Gables, Florida 33134
Telephone:   (305) 529-2801
Facsimile:   (305) 447-8115

By_____
ROBERT A. SUGARMAN
Florida Bar No. 149388

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that a true and correct copy of the foregoing was served via U.S. Mail on this 27th day of January, 2000 to Barry R. Lerner, Esq., Plaintiff's counsel, 225 East Dania Beach Boulevard, Suite 202, Dania Beach, Florida 33004.

_____
ROBERT A. SUGARMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SALLY RICHARDVILLE,

Plaintiff,                                CIVIL ACTION NO. _____

v.

UNITED UNION OF ROOFERS,
WATERPROOFERS AND
ALLIED WORKERS, LOCAL 103,
                                          **AFFIDAVIT OF ROBERT A. SUGARMAN**
Defendant.
_____

1. I make this affidavit based on my personal knowledge.

2. I am a partner with the law firm of SUGARMAN & SUSSKIND, P.A. and have been admitted to practice in the State of Florida and its federal district courts for more than twenty-five years. I am a lawyer in private practice.

3. One of my firm's clients is the Defendant, UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, LOCAL 103 ("Defendant"), in addition to many other Florida labor organizations.

4. I am not, nor have ever been, an officer, business agent, or manager of Defendant. My only connection with Defendant is as its attorney. Further, I am not Defendant's "resident agent." Unincorporated labor organizations do not have resident agents.

5. On January 10, 2000, I received service of a Summons and Complaint for Damages Demand for Jury Trial (the "Complaint") at the offices of SUGARMAN & SUSSKIND, P.A., from Plaintiff SALLY RICHARDVILLE.

6. Subsequent to service of the Summons and Complaint, I filed a Notice of Removal with this Court.

**FURTHER AFFIANT SAYETH NAUGHT.**

*/s/ Robert A. Sugarman*
ROBERT A. SUGARMAN

STATE OF FLORIDA

SS:

COUNTY OF MIAMI-DADE

The foregoing instrument was acknowledged before me on this 27th day of January, 2000, by ROBERT A. SUGARMAN, who is personally known to me or who has produced _____ as identification and who did take an oath.

*/s/ Leonor M. Diaz*
NOTARY PUBLIC STATE OF FLORIDA

OFFICIAL NOTARY SEAL
LEONOR M DIAZ
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. CC736590
MY COMMISSION EXP. MAY 19, 2002

COMMISSION NO. _____

My commission expires: _____

2