UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

SALLY RICHARDVILLE,

Plaintiff,

v.

UNITED UNION OF ROOFERS,
WATERPROOFERS AND
ALLIED WORKERS, LOCAL 103,

Defendant.

CASE NO. 00-6141-CIV-FERGUSON

**NIGHT BOX
FILED**

**MAY 3 0 2000**

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

**JOINT STATUS REPORT**

THE PARTIES by and through their undersigned counsel respond to the numbered paragraphs in the Court's Notice of Status Conference Pursuant to Local Rule 16.1(B)(7) as follows:

1. The Plaintiff has sued for an accounting of the wages and benefits allegedly due to her while she held the position of business manager of Roofers Local Union No. 77. Plaintiff bases her claim upon a violation of Local 77's constitution and by-laws. Plaintiff also seeks a judgment against the Defendant for wages and benefits shown to be due, interest and attorneys' fees. (See Complaint at ¶6 and ¶11).

2. Removal is proper in this case pursuant to §301(a) of the Labor Management Relations Act, as amended, 29 U.S.C. §185(a). All parties are named in the above case style.

3. Whether the Plaintiff is entitled to any wages, benefits or back pay; what action was taken by Local 77's Executive Board concerning Plaintiff's compensation; whether the condition precedent to an increase in Plaintiff's pay, that Local 77 "gets back on its feet," ever occurred; whether Plaintiff's claim is barred by the statute of limitations, accord and satisfaction, or Plaintiff's alleged failure to exhaust administrative remedies.



4.  There are no pending motions.

5.  No discovery has occurred as yet, as Defendant served its answer today. The parties believe that discovery can be completed and the parties would be ready for trial in six to eight months.

6.  At this juncture, the parties believe that this matter would take one day to try as a non-jury trial.

7.  The parties are unaware of any unique legal or factual aspects at this point which would require special consideration by the Court.

8.  Once the relevant payroll records are produced and reviewed, settlement discussions could begin.

9(a).  The parties do not elect to proceed before a Magistrate Judge for trial at this time.

9(b).  The unique issues in this case are: 1) Plaintiff claims an issue is whether the Plaintiff was properly credited with appropriate pension benefits based upon her wages, work hours and compensation; Defendant denies that this is an issue and 2) what Defendant's finances and financial condition were during and subsequent to the Plaintiff's employment with Local 77. Any accountings with respect to these issues may require a Special Master.

Respectfully submitted this 30 day of May, 2000.

By: _____
Barry R. Lerner, Esquire

for Robert A. Sugarman, Esquire

**BARNETT & LERNER, P.A.**
225 E. Dania Beach Blvd., Suite 202
Dania Beach, FL  33004
Telephone:  (954) 920-7400
Fax:  (954) 920-9492

**SUGARMAN & SUSSKIND, P.A.**
2801 Ponce De Leon Blvd., Suite 750
Coral Gables, FL  33134
Telephone:  (305) 529-2801
Fax:  (305) 447-8115

2