UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

SALLY RICHARDVILLE,                        Case No. 00-6141-CIV-FERGUSON

    Plaintiff,

v.                                         **PLAINTIFF'S MOTION FOR**
                                           **JUDGMENT ON THE PLEADINGS**

UNITED UNION OF ROOFERS,
WATERPROOFERS AND ALLIED
WORKERS, LOCAL 103,

    Defendant.
_____/

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendant UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, LOCAL 103 ("Roofers Local 103") hereby moves for judgment on the pleadings on the basis that Plaintiff did not file her claim within the applicable six month statute of limitations. Roofers Local 103 is entitled to judgment on the pleadings in its favor, for the reasons set forth below.

## **MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

### *Procedural History*

The court has jurisdiction over Plaintiff's claim pursuant to §301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185 ("§301"). Plaintiff initially filed her complaint in state court. Roofers Local 103 then removed her complaint to federal court due to federal question jurisdiction, and Plaintiff subsequently concurred with the removal.

Plaintiff's complaint asserts that her former employer, Roofers Local 77 (which merged into Roofers Local 103 effective January 1, 1999), failed to pay wages and to make contributions to her pension plan in accord with its constitution. The complaint simply alleges a



straightforward violation of the Local 77 constitution. No other claims are raised in the complaint.

Claims based upon violations of union constitutions are properly brought under §301. §301 requires the court to interpret union constitutions in accord with federal common law, not state law. Most significantly for the purposes of this motion, §301 requires that the court apply a six-month statute of limitations to Plaintiff's claim. Because Plaintiff knew that Roofers Local 77 did not pay her wages or make contributions as specified in its constitution over ten years prior to her complaint, her lawsuit must be dismissed for failure to comply with the applicable six month statute of limitations for violations of union constitutions.

### *Statement of Facts*

Plaintiff served as the Business Manager of Local 77 for many years. Complaint, at ¶ 4. Pursuant to Local 77's constitution, Plaintiff should have received a salary each week equal to fifty hours of work at a journeyman's scale. Id., at ¶ 6. However, in July 1988, Plaintiff agreed to accept pay at a lower rate than that specified in the union's constitution, "until the Union was on its feet." Id., at ¶ 7.

Local 77 ceased to exist as of December 31, 1998. See Complaint, Exh. 1. (By definition Plaintiff could not have served as Local 77's business manager beyond that date.) Yet ten years prior to that date, Plaintiff admittedly knew that Local 77 was not paying her in accord with the constitution. Complaint, at ¶ 7; Exh. 3. In late July 1999, through a letter sent by her counsel to the International, she inquired as to the identity of the resident agent for the Union. See Exh. 4. That letter makes no mention of her claim for wages. In December 1999 she first filed her lawsuit for contributions and wages allegedly owed pursuant to the union constitution.

### *Standard of Review for Judgment on the Pleadings*

In ruling upon a motion for judgment upon the pleadings, the court may consider only the pleadings themselves. Attachments to the complaint may be considered as part of the pleadings and may be reviewed in the course of ruling upon the motion. Accordingly the Local 77 constitution and other material attached to the complaint may be considered in ruling upon the instant motion. Reading those documents in conjunction with the allegations contained in the complaint in the light most favorable to Plaintiff demonstrates that any alleged breach of the constitution occurred well before Plaintiff filed her lawsuit, and certainly more than six months before she initiated this litigation.

### *§301 and Claims for Violations of Union Constitutions*

Plaintiff claims that Roofers Local 77 failed to pay wages and contributions in violation of the constitution, and effectively that Roofers Local 103, Local 77's successor, is liable for breach of that contract. This claim for a breach of union constitution arises under §301, as the United States Supreme Court determined in Wooddell v. IBEW Local 71, 502 U.S. 93 (1991). As the Ninth Circuit Court of Appeals noted shortly thereafter, in Moore v. IBEW Local 569, 989 F.2d 1534, 1541 (9th Cir. 1993), "a Wooddell claim requires a union to obey its own constitution regardless of the context."

In Moore, which addressed a "galaxy of labor law issues," 989 F.2d at 1536, the plaintiff alleged multiple violations of the union constitution. The district court dismissed one of his claims as time-barred, because he waited more than six months to file his complaint. On appeal the plaintiff asserted that because his claims rested upon a breach of the union constitution, the state law statute of limitations for breach of contract applied, not the six month statute of

limitations adopted by the trial court. The Ninth Circuit ruled against him, finding that a six month statute of limitations applies to §301 claims for violations of union constitutions.

The Ninth Circuit looked for guidance to the United States Supreme Court, which had previously ruled that an employee suing his union for a breach of the duty of fair representation under §301 must file his complaint within six months of the alleged violation. See DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151 (1983). The Ninth Circuit extended DelCostello to apply to straightforward claims for violations of union constitutions, and upheld the trial court's ruling, finding that Moore did not file his complaint within the allotted six months. See also Conley v. IBEW Local 639, 810 F.2d 913 (9th Cir. 1987) (dismissing complaint for §301 and state contract law claims for falling outside of the six month limitations period applicable to §301 claims).

In Williams v. Anheuser-Busch, Inc., 957 F.Supp 1246 (M.D. Fla. 1997), Judge Kovachevich also followed DelCostello in finding a state law claim for negligence to be preempted by §301 and thus time-barred for falling outside of the six month window. Because the plaintiff's negligence claim required interpretation of a collective bargaining agreement, it was preempted by §301, just as are claims for violations of a union constitution. The court found that even though the complaint presented the claim as one arising in negligence, once a §301-covered agreement was implicated, the appropriate statute of limitations was six months.

Courts routinely apply the six month statute of limitations to claims for wages as well. In Bryson v. AT&T Technologies, Inc., 145 LRRM (BNA) 2639 (N.D. Ga. 1992) (attached hereto) the plaintiff brought a claim under §301 for severance pay arising under a collective bargaining agreement and resulting from her termination in May 1990. She attempted to claim her severance pay shortly after her termination, then sent a demand letter for her severance pay to

4

her employer in September 1991, and then filed suit in June 1992. The court dismissed her claim as untimely.

Just as Plaintiff in the instant case, Bryson alleged a violation of a §301-covered agreement for pay. As the court noted, the statute of limitations began for Bryson when she became aware or should have been aware of the alleged breach. 145 LRRM (BNA) at 2640, citing Proudfoot v. Seafarers' Int'l Union, 779 F.2d 1558 (11th Cir. 1986). Even under the most favorable reading of the facts for Bryson, she knew or should have known by September 1991 – when she sent her demand letter – that the alleged breach had occurred. Her lawsuit came too late. The trial court dismissed her complaint.

### *Application of §301 case law to Plaintiff's claim*

Examining the facts in the light most favorable to Plaintiff requires dismissal of her lawsuit. In 1988 she knew that she was not being paid in accord with the constitution. For some undisclosed time prior to the demise of Local 77 she nevertheless continued to work for the union. She could not have worked for Local 77 any later than December 31, 1998, for on that date Local 77 ceased to exist. Nevertheless Plaintiff waited almost *twelve months after the union ceased to exist* to file her complaint for violations of the union constitution, although she had known for at least a full decade that Local 77 was not paying her in accord with the constitution. Under the holdings of DelCostello and its progeny, Plaintiff's suit must be dismissed as untimely. Plaintiff failed to file her claim within the six month statute of limitations from when she knew or should have known that Local 77 did not pay her in accord with its constitution.

WHEREFORE Defendant respectfully requests that judgment be issued on the pleadings in its favor and that Plaintiff's lawsuit be dismissed with prejudice.

Respectfully Submitted,

**SUGARMAN & SUSSKIND, P.A.**
Attorneys for Defendant
2801 Ponce de Leon Boulevard, Suite 750
Coral Gables, Florida 33134
ph.   (305) 529-2801
fax   (305) 447-8115

By: *[signature]*
Noah Scott Warman
Florida Bar No. 030960

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by fax to 954-920-9492 and by Regular U.S. Mail this 5th day of September, 2000 to Barry Lerner, Barnett & Lerner, P.A., 225 East Dania Beach Blvd., Suite 202, Dania Beach, Florida 33004.

By: *[signature]*
NOAH SCOTT WARMAN

6

LRRM - Decisions of Court

BRYSON v. AT & T TECHNOLOGIES, 145 LRRM 2639 (DC NGa 1992)

## LABOR MANAGEMENT RELATIONS ACT

**1. Discharge — Limitations — Violation of contract — Separation pay**  (☐ 36.050, ☐ 118.804, ☐ 123.03)

Six-month statute of limitations of Section 10(b) of LMRA applies to discharged employee's claim alleging that she was entitled to separation pay under provision of labor contract, since claim arises solely under Section 301 of act. Employee alleges her entitlement to damages only within context of contract.

**2. Limitations — Violation of contract — Separation pay**  (☐ 36.050, ☐ 36.054, ☐ 118.804, ☐ 123.03)

Six-month statute of limitations of Section 10(b) of LMRA bars discharged employee's claim under Section 301 of act alleging that she was entitled to separation pay under provision of labor contract, even if court were to accept that her action accrued when employee wrote demand letter to
Page 2640
employer, rather than when employer allegedly failed to pay her appropriate amount of severance pay. Employee filed claim more than six months after her action accrued.

Larry S. Gardner and Jerry W. Thacker (Gardner & Thacker), Atlanta, Ga., for plaintiff.

Jesse P. Schaudies, Jr. and Steven J. Whitehead (Troutman Sanders), Atlanta, Ga., for defendants.

WARD, District Judge

This matter is currently before this court on the defendant's motion to dismiss. Plaintiff has submitted no brief or pleading to this court in response to defendant's motion.

Plaintiff has filed a complaint in this matter which alleges claims for both breach of contract and bad faith. As defendant contends, Section 301 of the Labor Management Relations Act, 29 U.S.C.A. Section 185, preempts both of these state law claims.

Defendants employed plaintiff from 1966 until her termination in May, 1990. A collective bargaining agreement, (hereinafter "agreement"), governed plaintiff's relationship with her employer from May, 1989 until her termination in May, 1990. Plaintiff contends that Article 10 of the agreement entitled her to separation pay, as delineated under the agreement's Article 16. Plaintiff now seeks $17,104.00 in separation pay, interest, punitive damages and attorneys' fees.

Section 301 of the Labor Management Relations Act, 29 U.S.C.A. Section 185, controls an action to enforce the provisions of a collective bargaining agreement. See, e.g., *Darden v. U.S. Steel Corp.*, 830 F.2d 1116, 1120 [126 LRRM 2906] (11th Cir. 1987). In the instant case, plaintiff repeatedly alleges in her complaint that defendant breached its obligations under the agreement. As the Supreme Court stated in Allis-Chalmers v. Lueck [471 U.S. 202], 105 S.Ct. 1904, 1911 [118 LRRM 3345] (1985), "questions related to what parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of the suit for breach of contract or in a suit alleging liability and tort."

[1] Since plaintiff in this case alleges her entitlement to damages only within the context of the agreement, her cause of action clearly arises solely under Section 301. Plaintiffs proceeding under this Section, moreover, must file their claims within six months of the alleged breach. DelCostello v. Intern'l Brotherhood of Teamsters, 462 U.S. 151 [113 LRRM 2737] (1983). This six month limitations period commences at the time that a plaintiff becomes aware, or should become aware, of the alleged breach. Proudfoot v. Seafarer's Intn'l Union, 779 F.2d 1558, 1559 [121 LRRM 2289] (11th Cir. 1986).

[2] In the instant case, plaintiff alleges that defendant failed to pay her the appropriate amount of severance pay on May 17, 1992. Plaintiff also alleges that she attempted to resolve her claim during May or June of 1990, and that she wrote a demand letter to defendant on September 14, 1991. Plaintiff neglected to file this lawsuit, however, until June, 1992. Under even the most favorable view of plaintiff's complaint, therefore, plaintiff waited more than eight months from the time when her action accrued, (if the court were to accept that her action accrued in September, 1991, rather than May or June, 1990), to file her claim.

This court, therefore, must conclude that the six month statute of limitations period on plaintiff's lawsuit expired before plaintiff submitted her complaint. This court, therefore, is without jurisdiction to hear plaintiff's claim, and therefore GRANTS defendant's motion to dismiss and DISMISSES this case.

SO ORDERED, this 22nd day of October, 1992.


This action having come before the court, Honorable Horace T. Ward, United States District Judge, for consideration of defendant AT & T's motion to dismiss, and the court having granted defendant's motion, it is

Ordered and Adjudged that the plaintiff recover nothing in this action, that his complaint be, and the same hereby is, dismissed, and that the defendant AT & T Technologies, Inc. recover of the plaintiff its costs of action.