**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

SALLIE RICHARDVILLE,      CASE NO. 00-6141-CIV-FERGUSON

    Plaintiff,

vs.

UNITED UNION OF ROOFERS,  **PLAINTIFF'S RESPONSE TO MOTION**
WATERPROOFERS AND ALLIED  **FOR JUDGMENT ON THE PLEADINGS**
WORKERS, LOCAL 103,

    Defendant.
_____/

The Plaintiff, SALLIE RICHARDVILLE, responds to a Motion filed by counsel for the Defendant entitled "Plaintiff's Motion for Judgment on the Pleadings." For purposes of this response, it is assumed that this was a scriveners error and that the undersigned is actually responding to ***Defendant's Motion for Judgment on the Pleadings***.

## MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

In ruling on a Motion for Judgment on the Pleadings, the Court must accept as true all well-pleaded factual allegations in the Complaint and refrain from dismissing actions unless the non-moving party can prove no set of facts that would entitle it to relief. Sacco v. City of Middletown, 745 F. Supp. (D. Conn. 1990). In fact, this standard is extremely stringent. A Motion for Judgment on the Pleadings should be denied unless it appears to be a certainty that Plaintiff is entitled to no relief under any state of facts which can be proved in support of the claim. See Mostowy v. United States, 966 F.2d 668, 672 (U.S.C.A-Fed. Cir.) 1992 [emphasis added]. Thus, for purposes of this Motion, all

allegations in the Complaint are to be taken as true. Those include the following factual allegations:

   a. On July 26, 1988, the Plaintiff agreed to accept less than her full pay pursuant to the Constitution, "until the Union was on its feet." The Executive Board agreed that she would be entitled to the balance of her back pay. — Complaint, at ¶ 7.

   b. Pursuant to Article 12 of the Constitution, all members and officers may not resort to court until they have exhausted their administrative remedies. — Complaint, at ¶ 6.

   c. On July 21, 1999, the Plaintiff, through her counsel, requested relief regarding past due wages and benefits. — Complaint, at ¶ 9.

   d. To date, neither the International nor Local 103 attempted to contact the Plaintiff, or her representative regarding her claim for back wages and benefits. — Complaint, at ¶ 10.

The Defendant has alleged that under Section 301, there is a six month statute of limitation for the filing of this claim. However, the Defendant points to no case which is factually similar in which a union officer filed suit for back pay against an international union as a result of a merger with her former employer. The undersigned would point out that the case of Scherer v. Laborers International Union of North America, 746 F. Supp. 73 (N.D. Fla. 1988), is nearly factually identical to the claim Plaintiff Richardville is advancing in this action. Under the Scherer holding, the court determined that a suit by a former secretary-treasurer of a local union for back pay against a successor labor organization following a merger was subject to Florida's five-year statute of limitations on a written contract, or a four-year statute if the action was founded on written contract. See Scherer at 85.

In Scherer District Judge Vincent, cited DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 158-159 (1983), for the proposition that where no federal statute

of limitations is applicable, the most analogous state law limitation period should be applied.

The Defendant's Motion points to no cases involving this particular issue in which a federal court has applied a six month statute of limitations. Rather, the cases cited in the Defendant's Memorandum of Law deal with cases of a union being sued for breach of the duty of fair representation and/or interpretation of a collective bargaining agreement.

Even assuming, *argumento*, that this Court determines that a six-month statute of limitation should apply, the Plaintiff has acted within that statute of limitation. The reason for this argument is quite apparent. Under the Constitution — specifically Article 11, Exhaustion of Remedies[1] — before any member or officer of the union shall resort to any court or agency action, the individual must seek relief as provided by the International Constitution.

Plaintiff did attempt to exhaust her remedies as is evident in the letter dated July 21, 1999, attached as Exhibit 4 to the Complaint — "Please consider this letter a claim for past due wages and benefits." (See Exh. 4 to Complaint). Since neither the Plaintiff, nor her counsel had any response to this claim, suit was filed in Broward County Circuit Court on December 21, 1999, five months to the day that the letter requesting benefits was prepared.

Clearly, if the Plaintiff did not attempt to seek her administrative remedies, the Defendant would not be here on a Motion for Judgment on the Pleadings but, rather, on a Motion to Dismiss for Lack of Jurisdiction due to the failure to exhaust administrative remedies.

---

[1] Due to a scriveners error, the Complaint makes reference to Article 12, as opposed to Article 11.

- 3 -

Under Section 301 of the LMRA, which the Defendant in its Motion attempts to argue, is applicable in this factual situation, an employee is normally required to attempt to exhaust any grievance or arbitration remedies provided in the Collective Bargaining Agreement before filing a suit for relief in court. It is only if the Union refuses to press or only perfunctorily presses the employee's claim is the excuse from this exhaustion requirement. See Jarrel v. Bomag, 728 F. Supp. (S.D. Ohio 1989) 468, 474-475.

In another "hybrid Section 301 — fair representation claim, the Seventh Circuit cited DelCostillo at page 172 for the proposition that a cause of action on a hybrid Section 301 claim accrues from the time the final decision on a plaintiff's grievance has been made or from the time the plaintiff discovers, or in the exercise of reasonable diligence, should have discovered, that no further action would be taken. Richards v. Local 134, International Brotherhood of Electrical Workers, 790 F.2d 633 (7th Cir. 1986), 633, at 636. The court went on further in the Richards case to hold:

> Since Plaintiff's grievance was filed on August 5, 1984, and the Complaint was filed on January 29, 1985, before the expiration of the six-month limitations period, it is clear that appellant's action is not time-barred.

790 F.2d 633 at 637.

## CONCLUSION

If the Court determines that Sallie Richardville's claim is factually similar to the claim of Lois Scherer in Scherer v. Laborers International Union of North America, supra, at 73, it would appear that Florida's statute of limitations for back pay against a successor organization following the merger of the Plaintiff's union should apply. If, alternatively, the Court accepts the fact that this should be a hybrid — Section 301 action (even though at no time has Richardville alleged in the pleadings she is seeking damages under either a collective bargaining agreement or breach of the duty of fair representation), then perhaps

a six-month statute of limitations would apply. However, the Defendant's Motion misconstrues when the six-month period begins to run. The six-month period would run from the time that the Plaintiff knew, or should have known, that she exhausted her available administrative remedies, or pursuing exhaustion of those remedies would be futile. In this case, the Plaintiff, after having no response of her claim for back wages and benefits, filed suit. Thus, since the case law cited by the Defendant stands for the proposition that a Plaintiff must file suit within six months of the alleged breach, this action could not have accrued until July 1999, and therefore is not time barred.

WHEREFORE, Plaintiff respectfully requests that the Motion for Judgment on the Pleadings filed by counsel for the Defendant be denied, and the Court provide such other relief as is deemed necessary and proper under the circumstances.

DATED: September 14, 2000

Respectfully submitted,

Barnett & Lerner, P.A.
Attorneys for Claimant
225 E. Dania Beach Blvd., Suite 202
Dania Beach, FL  33004
Telephone:  (954) 920-7400

By: _____
BARRY R. LERNER, ESQ.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail to:

>Noah S. Worman, Esq.
>Sugarman and Susskind
>2801 Ponce De Leon Blvd., Suite 750
>Coral Gables, FL  33134

on this 14 day of September 2000.

>Barnett & Lerner, P.A.
>Attorneys for Claimant
>225 E. Dania Beach Blvd., Suite 202
>Dania Beach, FL  33004
>Telephone:  (954) 920-7400
>
>By: _____
>BARRY R. LERNER, ESQ.