UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

SALLY RICHARDVILLE,                           Case No. 00-6141-CIV-FERGUSON

    Plaintiff,

v.                                            **REPLY IN SUPPORT OF**
                                              **DEFENDANT'S MOTION FOR**
UNITED UNION OF ROOFERS,                      **JUDGMENT ON THE PLEADINGS**
WATERPROOFERS AND ALLIED
WORKERS, LOCAL 103,

    Defendant
_____/

Defendant UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, LOCAL 103 ("Roofers Local 103") submits the following reply in support of its motion for judgment on the pleadings.

### *The applicable case law requires the Court to apply a six month statute of limitations.*

Plaintiff cites to Scherer v. LIUNA, 746 F.Supp. 73 (N.D.Fla. 1988) to assert that Florida's statute of limitations for breach of contract should apply to her claim. While that claim involves an action by a union employee for unpaid wages based upon a union constitution, it was decided before Wooddell v. IBEW Local 71, 502 U.S. 93 (1991), Moore v. IBEW Local 569, 989 F.2d 1534, 1541 (9th Cir. 1993), Williams v. Anheuser-Busch, Inc., 957 F.Supp 1246 (M.D. Fla. 1997), and Bryson v. AT&T Technologies, Inc., 145 LRRM (BNA) 2639 (N.D. Ga. 1992), all cited in support of Defendant's motion. Scherer's continued validity has been thrown into question by these subsequent decisions. It is an outlier decision, not a well-reasoned application of §301 principles.

In this §301 case Roofers Local 103 effectively plays two roles, that of a union accused of unfair treatment of a member and that of an employer accused of failing to properly pay its

employee. Consideration of each of these roles individually and collectively requires application of a six month statute of limitations.

For example, §301 claims filed by employees seeking wages from their employers are subject to the six month statute of limitations. See Bryson v. AT&T Technologies, Inc., 145 LRRM (BNA) 2639 (N.D. Ga. 1992) (attached to Defendant's Motion for Judgment on the Pleadings). Where employees file claims solely against their union alleging that the union did not represent its members fairly, those claims too are subject to the six month statute of limitations. See, e.g., Erkins v. United Steelworkers of America, 723 F.2d 837 (11th Cir. 1984).

When employees sue both their union and their employer under §301 – a "hybrid" case – the six month statute of limitations applies. See DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151 (1983); Jarrell v. Bomag, 728 F.Supp. 468, 472 (S.D. Ohio 1989). Even where the employees allege that the union and the employer actually conspired to deprive them of wages, the same six month period applies. See Sizer v. Rossi Contractors, 163 LRRM 2556 (N.D. Ill. 2000) (attached hereto) (employee's state law claim for conspiracy between her union and employer, allegedly depriving her of wages, held to be preempted by §301 and dismissed as untimely). Under any possible scenario – §301 claims against the union only, against the employer only, and against both jointly – the six month statute of limitations applies to claims like those raised by Plaintiff in this action.

Where the employer and the union are one and the same, as here, and where the employee's claim alleges a failure to pay wages – known to the Plaintiff by her own admission for *twelve years* prior to her lawsuit – there is no reason that a six month statute of limitations should not apply. Scherer is an outlier case that fails to comply with subsequent §301 case law. It should not dictate the outcome of Plaintiff's case.

### *Plaintiff's claim is not tolled due to her purported attempt to exhaust her remedies.*

Plaintiff asserts that she filed her claim in a timely manner because she filed it less than six months after sending a letter to another union with which Roofers Local 103 is affiliated. Her logic is flawed. Plaintiff's claim for wages rests upon Local 77's failure to pay her in accord with its constitution. Plaintiff has *not* sued for a violation of a duty of fair representation. It is the payment of her wages, not her purported attempt at exhaustion of remedies, that triggers the statute of limitations.

Plaintiff assumes that the statute of limitations is equitably tolled from the time she invoked internal union remedies until she filed her complaint. This equitable tolling period applies in §301 claims only when such claims are brought against a union acting as the employee's bargaining agent. It is the union's failure to act upon a represented employee's request for assistance that forms the basis for the §301 lawsuit against the union.

This analysis holds equally true for hybrid claims against an employer and a union jointly, for until the employee has learned that the union will not invoke or exhaust the contractual grievance procedure on his behalf, he cannot claim with certainty that the contract has been violated. The cases cited by Plaintiff are both hybrid claims against both employers and unions. As the Eleventh Circuit ruled in Proudfoot v. Seafarers' Int'l Union, 779 F.2d 1558, 1559 (11th Cir. 1986), itself a hybrid §301 claim,

> the timeliness of the suit must be measured from the date on which the employee knew or should have known of the union's final action or the date on which the employee knew or should have known of the employer's final action, whichever occurs later.

Due to the circumstances of this case, Plaintiff knew with certainty of the union's and the employer's final action at exactly the same time, for the union and the employer in this case are

one and the same, and the act at issue is the same act – failure to pay her in accord with the constitution.

Plaintiff does not contend that Roofers Local 103 or its predecessor, Local 77, was her bargaining agent. Instead, her claim rests on acts committed by Local 77 as her employer. Therefore the relevant date for calculating the statute of limitations is when the employee knew or should have known that the constitution was violated by her employer.

By Plaintiff's own admission, she knew in 1988 that Local 77 did not pay her in accord with its constitution. Assuming for the purpose of this motion that she has alleged a continuing violation claim, the last date on which the constitution would have been violated would have been December 31, 1998 – the last day Local 77 existed. Certainly she knew as of January 1, 1999, the day after Local 77 ceased to exist, that it would no longer pay her in accord with the constitution. That is the last relevant date for tolling the statute of limitations on Plaintiff's claim.

Certainly once Local 77 ceased to exist Plaintiff knew she would no longer receive a paycheck as its employee. She then was obligated to act no later than six months after January 1, 1999. Instead she waited for over *seven* months to even attempt to invoke her remedies under that constitution. Her sole effort to invoke the internal union appeal process itself occurred over seven months after the union ceased to exist, after expiration of the statute of limitations. Furthermore, that one letter fails to invoke the appeals process in such a manner as to toll the statute of limitations. See, e.g., Pantoja v. Holland Motor Express, 965 F.2d 323, 327-328 (7th Cir. 1992) and cases cited therein.

Plaintiff confuses the issue in her reply by asserting that the relevant date for the timeliness of her claim is July 21, 1999, the date on which she claims her first attempt to invoke

her administrative remedies. Were this a claim against a union for violation of the duty of fair representation alone, Plaintiff might have a valid point. It is not such a case, as Plaintiff concedes in her reply. It is a claim for wages owed an employee by an employer under a §301-covered agreement. Even the sole effort to invoke administrative remedies did not occur until almost eight months after the final event giving rise to the lawsuit. Her effort is simply too little and too late to avoid the six month statute of limitations.

### *If §301 case law is disregarded, then the two-year Florida statute of limitations for unpaid wages would apply to this action.*

If the Court finds, as Plaintiff asks, "that Florida's statute of limitations for backpay" should apply, the scope of Plaintiff's claims is sharply curtailed. Plaintiff apparently seeks wages and contributions as far back as 1988. While Plaintiff's claim rests upon a written document, at its core it seeks unpaid wages.

Under Florida law a

> specific statute of limitations addressing itself to a specific matter takes precedence over a more general statute of limitations even though the specific statute provides for a shorter period of limitations.

Sheils v. Jack Eckerd Corp., 560 So.2d 361, 363 (Fla. App. 2nd Dist. 1990). Accordingly Florida law limits Plaintiff's claim for wages to a two year statute of limitations, rather than the five years that applies to written contracts. See Fla. Stat. § 95.11(4)(c) (two year limitation for an action to recover wages); Joseph v. Okeelanta Corp., 656 So.2d 1316 (Fla. App. 4th Dist. 1995) (applying two year statute of limitations to employees' suit for wages based upon a written agreement).

To the extent that Scherer holds otherwise, it is contrary to Florida law on this issue. In the event that the Court decides not to apply the §301 statute of limitations to Plaintiff's claims,

it should limit those claims to the two years prior to December 1999, when Plaintiff first filed suit.

WHEREFORE Plaintiff's claim should be dismissed in its entirety with prejudice, or alternately the Court should limit her wage claims to the two years provided for under Florida law.

Respectfully Submitted,

**SUGARMAN & SUSSKIND, P.A.**
Attorneys for Defendant
2801 Ponce de Leon Boulevard, Suite 750
Coral Gables, Florida 33134
ph.    (305) 529-2801
fax    (305) 447-8115

By: _____
Noah Scott Warman
Florida Bar No. 030960

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by Regular U.S. Mail this 20th day of September, 2000 to Barry Lerner, Barnett & Lerner, P.A., 225 East Dania Beach Blvd., Suite 202, Dania Beach, Florida 33004.

By: _____
NOAH SCOTT WARMAN

LRRM - Decisions of Court

SIZER v. ROSSI CONTRACTORS, 163 LRRM 2556 (DC NIII 2000)

## LABOR MANAGEMENT RELATIONS ACT

**1. Discharge -- Overtime wages and benefits -- Fair representation -- State-law conspiracy claim -- Federal pre-emption** (□ 45.03, □ 45.29, □ 45.338, □ 94.223, □ 115.50, □ 116.01)
Section 301 of LMRA pre-empts discharged employee's claim that she was denied overtime wages, benefits, and proper union representation as result of conspiracy between employer and union, where she cites to and attaches copy of labor contract in support of her claim, and she thus effectively claims conspiracy by employer and union to breach their contractual obligations.

**2. Discharge -- Violation of contract -- Fair representation -- Failure to pursue grievance -- Timeliness** (□ 24.902, □ 94.223, □ 94.227)
Six-month statute of limitations applicable to hybrid claims of breach of contract/breach of fair-representation duty under Section 301 of LMRA bars action that discharged employee brought more than six months after union failed properly to pursue her grievance.

**3. Discharge -- Fair representation -- Limitations -- Tolling** (□ 24.902, □ 94.223, □ 94.227)
Discharged employee's assertion that employer and union never provided her with actual or constructive notice that union breached its fair-representation duty does not preclude running of six-month statute of limitations applicable to hybrid actions for breach of contract/breach of fair-representation duty under Section 301 of LMRA. Discharged employee appears to presume some duty on part of employer and union to notify her of breach, but duty to exercise reasonable diligence about potential claims rests with her.

**4. Discharge -- Wages and benefits -- Fair representation -- Union inactivity** (□ 94.223, □ 94.227)
Union inactivity can be sufficient to provide diligent claimant notice that union has breached its fair-representation duty, and, thus, mere fact that union never informed discharged employee about resolution of her grievances regarding certain wages and benefits that she claims were owed to her by employer was more than sufficient notice that union was not pursuing her claim and that, if she was dissatisfied with that result, claim of breach of fair-representation duty was available to her; it need not be decided at what point union's inactivity would have started six-month limitations period running because years that elapsed before employee filed action surpassed even most generous estimate.

Page 2557

Jean Sizer, Phoenix, Ill., plaintiff pro se.

Robert E. Bloch and Lyle D. Rowen (Dowd, Bloch & Bennett), Chicago, Ill., for union defendants.

PALLMEYER, District Judge

Plaintiff Jean Sizer, an African-American woman, challenges her discharge from employment with Defendant Rossi Contractors. Her complaint consists of four counts: Count I, brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.*, alleges unlawful discrimination in employment practices on the basis of plaintiff's sex; Count II asserts a breach of the implied covenant of good faith and fair dealing in violation of Illinois law; Count III asserts an intentional infliction of emotional distress claim; and Count IV alleges a conspiracy by and between defendants to abandon a grievance filed by plaintiff. Named as Defendants are plaintiff's former employer, Rossi Contractors, and its owners, Angelo Rossi and Ronald Rossi; Teamsters Local 731; and Terrence J. Hancock, a Local 731 officer.

Defendants Teamsters Local 731 and Hancock were named only in Count IV, the conspiracy claim. Defendants Local 731 and Hancock move to dismiss the complaint against them on the basis that Plaintiff's state law conspiracy claim is preempted under federal labor law and time-barred by the applicable six-month statute of limitations. For the following reasons, the motion is granted.

Plaintiff's allegations relevant to Count IV of her complaint will be summarized here briefly. Plaintiff Jean Sizer began working for Defendant Rossi Contractors as a truck driver on or about March 15, 1993 (Complaint (hereinafter ``Compl.'') ¶1), and was terminated in April 1995, allegedly on the basis of her sex. Plaintiff was a dues-paying member of Local Union 786 of the Teamsters. (*Id.* ¶1A.) The terms and conditions of Plaintiff's employment with Defendant Rossi Contractors were covered by a collective bargaining agreement (hereinafter the ``Agreement'') between Rossi Contractors and the Union. (*Id.* ¶2.) Under the Agreement, Defendant Union had exclusive control over the grievance procedures and the exclusive right to obtain arbitration regarding any grievance brought by Plaintiff. (*Id.* ¶9.)

Plaintiff filed a grievance with the Union against Rossi Contractors on June 10, 1993. (*Id.* ¶30.) Plaintiff claimed that Rossi Contractors violated the Agreement by failing to pay: holiday pay for Memorial Day, May 31, 1993; for time worked through the meal periods on nine separate days in May 1993; and for a total of four and one-half hours Plaintiff claims to have worked in early June 1993. (*Id.* ¶32.) In addition, Plaintiff alleges that the Union took no action with respect to her June 10, 1993 grievance.

On September 25, 1995, Plaintiff filed a complaint with the Equal Employment Opportunity Commission (``EEOC''). She received notice of her right to sue under Title VII off the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.* from the EEOC on August 4, 1998, (Compl. ¶18), and filed her Complaint on October 30, 1998. Defendants Local 731 and Hancock moved to dismiss Count IV of the complaint as it pertained to them on July 6, 1999.

**LRRM - Decisions of Court**

A motion to dismiss a complaint pursuant to FED.R.CIV.R.P. 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead tests whether the claimant has properly stated a claim. *See Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974)). In deciding a motion to dismiss, the court will consider all allegations of the complaint as true, and will draw all reasonable inferences in favor of the plaintiff. *Pickrel*, 45 F.3d at 1116; *Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975 (1990). Dismissal is proper only if it appears beyond doubt that plaintiff can prove no set of facts in support of her claim that

Page 2558

would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 [41 LRRM 2089] (1957).

Defendants argue that Plaintiff has failed to state a claim upon which relief may be granted because her state law conspiracy claim is preempted by Section 301 of the LMRA, and as a Section 301 claim, it is time-barred by the applicable six-month statute of limitations. Section 301 of the LMRA establishes jurisdiction in any federal district court having jurisdiction of the parties for ``[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. . . .'' 29 U.S.C. §185(a). The Supreme Court has interpreted Section 301 as a ``congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts.'' *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210, 105 S.Ct. 1904, 1910 [118 LRRM 3345] (1985) (quoting *Textile Workers Union of Amer. v. Lincoln Mills*, 353 U. S. 448, 77 S.Ct. 912 [40 LRRM 2113] (1957)). Therefore, the Court determined that Congress intended for Section 301 to have pre-emptive force where a state-law claim can only be resolved through an interpretation of the meaning of a collective-bargaining agreement, because the application of state law could lead to inconsistent results in violation of uniform federal labor-law principles. *See Local 174 Teamsters, Chauffeurs, Warehousemen & Helpers of Amer. v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571 [49 LRRM 2717] (1962).

The crux of the issue here is whether Plaintiff's state-law conspiracy claim requires interpretation of the Agreement such that Section 301 would pre-empt the conspiracy claim. On occasion, plaintiffs have attempted to side-step Section 301 ``by framing their complaints in terms of such diverse state law theories as wrongful discharge, intentional infliction of emotional distress, conspiracy, and misrepresentation.'' *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 530 [140 LRRM 3028] (10th Cir. 1992) (quoting *United Ass'n of Journeymen and Apprentices of the plumbing and Pipefitting Indus. v. Bechtel Power Corp.*, 834 F.2d 884, 887-88 [127 LRRM 2342] (10th Cir. 1987)). However, federal courts will not be blinded by the state-law claim, but will ``look beyond the allegations of the complaint . . . to determine whether the wrong complained of actually arises in some manner from a breach of the defendants' obligations under a collective bargaining agreement.'' *Id.* Where the plaintiff's claim boils down to a charge that the employer breached a collective bargaining agreement and that the union violated its duty of fair representation, the claim is considered ``hybrid'' under Section 301. *See DelCostello v. International Bhd. Of Teamsters*, 462 U.S. 151, 165, 103 S.Ct. 2281, 2291 [113 LRRM 2737] (1983).

[1] The wrong Plaintiff alleges here is a conspiracy among the Defendants. (Compl. ¶46.) While Plaintiff is decidedly vague about the purpose of the alleged conspiracy, the damages she claims are telling. Plaintiff claims that as a result of the alleged conspiracy she was denied overtime wages, benefits, and proper Union representation. (Compl. ¶47.) In support of her claim to wages, benefits, and representation, Plaintiff cites to and attaches a copy of the Agreement. Thus, Plaintiff effectively claims a conspiracy by the Defendants to breach their obligations under the Agreement. Merely cloaking the breach of the Agreement under a conspiracy label does not change the nature of Plaintiff's claim, the substance of which is preempted by Section 301. Plaintiff's state-law conspiracy claim is thus preempted by Section 301 as a hybrid Section 301 claim.

LRRM - Decisions of Court

[2] Count IV of Plaintiff's complaint is preempted by Section 301 of the LMRA, and is therefore subject to the same six month statute of limitations. *See DelCostello*, 462 U.S., at 169-70, 103 S.Ct., at 2293; *Metz v. Tootsie Roll Indus., Inc.*, 715 F.2d 299, 302-03 [114 LRRM 2340] (7th Cir. 1983). The six-month statute of limitations for a hybrid Section 301 claim begins to accrue ``when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [violation].'' *Metz*, 715 F.2d at 304 (quoting *Hungerford v. United States*, 307 F.2d 99, 102 (9th Cir. 1962). In Count IV of her Complaint, Plaintiff charges that Union Defendants failed to properly pursue a grievance she filed and as a result she lost both wages and benefits. (Compl. ¶47.) The grievance was filed on June 10, 1993. ( *Id.* ¶45.) Plaintiff's Response to Defendants' Motion to Dismiss (hereinafter ``Plaintiff's Response'') attempted to push the relevant date back a little further by alleging further Union inaction on a grievance filed August 15, 1994. (Plaintiff's Response, at 2). Even if the Court were to consider Plaintiff's new allegations regarding the August 15, 1994 grievance, the claim is still clearly time-barred by

Page 2559

the applicable six-month statute of limitations.

[3] Plaintiff's Response raises numerous other issues in an attempt to bypass the application of the statute of limitations, but none persuade the court. For example, Plaintiff asserts that the statute of limitations had not begun to accrue because Defendants never provided her with actual or constructive notice that the union breached its duty of fair representation. (Plaintiff's Response, at 3.) Plaintiff appears to presume some duty on the part of Defendants to contact her and notify her of the breach, when in actuality the duty to ``exercise . . . reasonable diligence'' about potential claims rests with her. *See Metz*, 715 F.2d at 304.

[4] In addition, it is clear that union inactivity can be sufficient to provide a diligent plaintiff notice that the union has breached its duty of fair representation. *Pantoja v. Holland Motor Express, Inc.*, 965 F.2d 323, 327 [140 LRRM 2718] (7th Cir. 1992); *Metz*, 715 F.2d at 304. Here, Plaintiff filed grievances with the union regarding certain wages and benefits she claims were owed to her by Rossi Contractors. The mere fact that Plaintiff was never contacted about a resolution of these matters was more than sufficient notice that the union was not pursuing her claim. If she was dissatisfied with that result, the breach of duty of fair representation claim was available to her. The court need not decide at what point the union's inactivity would have started the six-month clock running because the years that elapsed before the complaint was filed certainly surpassed even the most generous estimate. Plaintiff's claim against Union Defendants Terry Hancock and Teamsters Local 731 is time-barred by the six-month statute of limitations period applicable to hybrid Section 301 claims.

Defendants' motion to dismiss is granted.